FILED
United States Court of Appeals
Tenth Circuit

February 5, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADVANTAGEOUS COMMUNITY
SERVICES, LLC; ARMINDER KAUR;
HARASPAL SINGH; HARCHI SINGH,

     Plaintiffs - Appellants,

v.

GARY KING; AMY LANDAU;
ELIZABETH STALEY; MARC
WORKMAN; CATHY STEVENSON;
ORLANDO SANCHEZ; WALTER
RODAS,

     Defendants - Appellees.

No. 19-2211
(D.C. No. 1:17-CV-00525-LF-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Advantageous Community Services, LLC ("Advantageous") had a contract with

the New Mexico Department of Health ("NMDH") to provide home health care to

Medicaid recipients. The Office of Attorney General of New Mexico ("OAG") brought a

civil enforcement action against Advantageous concerning its billing practices, but the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

action was dismissed because an Assistant Attorney General used two inaccurately reproduced documents at a deposition.

Advantageous, its owner, and the owner's sons ("Appellants") sued seven current or former officials of NMDH and OAG ("Appellees") in federal district court under 42 U.S.C. § 1983. The district court dismissed some claims and granted summary judgment to the Appellees on the remaining claims.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

### A. *Parties*

Appellant Advantageous was a Medicaid contractor for NMDH. The individual Appellants are Dr. Arminder Kaur, who owns Advantageous, and her sons Haraspal and Harchi Singh, who work there and "informally share" in Advantageous's ownership. App., Vol. I at 24-25.

The Appellees are seven current or former New Mexico officers and employees sued in their individual capacities. Four were associated with the New Mexico Office of the Attorney General:

1. Gary King, former Attorney General;

2. Elizabeth Staley, former Director of the Medicaid Fraud and Elder Abuse Division, which was charged with reviewing and prosecuting claims of Medicaid fraud;

3. Amy Landau, former Assistant Attorney General ("AAG"), who prosecuted the enforcement action against Advantageous; and

4. Marc Workman, former investigator.

2

The three others held positions with NMDH:

5. Cathy Stevenson, the former Director of NMDH's Developmental Disabilities Support Division and current Deputy Director of NMDH;

6. Orlando Sanchez, a former employee; and

7. Walter Rodas, another former employee.

B. *Factual Background*

We draw the following facts from the district court record and the New Mexico Court of Appeals' opinion in *State v. Advantageous Community Services, LLC*, 329 P.3d 738, 739 (N.M. Ct. App. 2014), which affirmed the state district court's dismissal of the enforcement action against Advantageous.[1]

1. **Advantageous's Work as a Medicaid Contractor**

Advantageous contracted with NMDH to provide home health care to Medicaid recipients and in turn contracted with individual caregivers to provide care. It billed the State of New Mexico's ("State") Medicaid administrators to pay the caregivers.

2. **Background Check Requirement and Medicare Fraud Act**

NMDH requires home health care providers like Advantageous to submit a background check application to NMDH for each of their caregivers. After NMDH completes a background check, it sends a "clearance letter" to the provider stating whether the background check uncovered any disqualifying convictions. NMDH creates

---

[1] The federal district court took judicial notice of this opinion and accepted the truth of its factual recitations. Because no one disputes that judicial notice was appropriate, we do so too.

clearance letters using templates with blank fields that are populated with information drawn from a database.

### 3. Investigation of Advantageous and Commencement of Enforcement Action

In January 2006, the State opened an investigation into Advantageous's billing practices. The investigation revealed that six Advantageous caregivers were not cleared through background checks before Advantageous started billing the State for their services.

In June 2007, OAG demanded that Advantageous repay the State for the payments it had received for services rendered by the six caregivers. Advantageous did not respond. NMDH placed a moratorium on Advantageous that prevented it from taking on new Medicaid patients.

In September 2009, the State—represented by OAG—sued Advantageous in New Mexico state court for (1) recovery of overpayments, (2) civil penalties, and (3) breach of contract.

### 4. Deposition in the Civil Enforcement Action

In the civil enforcement action, the State used "the date on the [NMDH's] clearance letter for each of the six [Advantageous] caregivers . . . to support its claims that caregivers were providing services that were billed to Medicaid before" their background checks had been completed. *Advantageous Cmty. Servs., LLC*, 329 P.3d at 740. Thus, "the clearance letter issued for each caregiver [was] critical to the State's theory of liability." *Id.*

4

The State deposed Dr. Kaur in March 2011. In advance of the deposition, AAG Landau asked Mr. Workman, an OAG investigator, to prepare information packets for each of the six caregivers. For two of the caregivers, Mr. Workman was unable to locate original copies of the clearance letters that had been issued in 2006.

Mr. Workman called Mr. Rodas, an NMDH employee, to ask if NMDH had copies of the two 2006 clearance letters. After Mr. Rodas informed Mr. Workman that NMDH did not keep hard copies, Mr. Workman asked him to "reprint" the two clearance letters from its electronic database. Mr. Rodas warned Mr. Workman it was impossible to reprint accurate copies of the two letters because both the letter template and certain information in the database had changed in the five intervening years. Mr. Rodas generated the two letters anyway and faxed them to Mr. Workman with a cover sheet explaining that the letters were inaccurate reproductions.

Mr. Workman placed the two reproduced letters in the packets he was preparing for AAG Landau, but he left out Mr. Rodas's cover sheet. Mr. Workman did not inform AAG Landau that the reproductions were not duplicates of the originals issued in 2006. AAG Landau presented one or both of the letters to Dr. Kaur at her deposition.

5. **Dismissal of Enforcement Action and Appeal**

After the March 2011 deposition, Advantageous moved for sanctions against the State for using the two letters at Dr. Kaur's deposition. It also moved for summary judgment on the merits. The state district court dismissed the enforcement action as a litigation sanction. It also granted summary judgment on the merits.

5

The State appealed. In 2014, the New Mexico Court of Appeals affirmed the dismissal of the enforcement action as a litigation sanction. It did not review whether summary judgment was warranted.

## C. *Procedural Background*

### 1. Complaint

The Appellants brought three damages claims under 42 U.S.C. § 1983 in federal court against all Appellees:

1. Malicious prosecution and malicious abuse of process in violation of the Fourth and Fourteenth Amendments;

2. Fabrication of evidence in violation of the Fourth and Fourteenth Amendments; and

3. Arbitrary and capricious conduct in violation of the Fourteenth Amendment.

### 2. Motion to Dismiss Order

The Appellees filed a motion to dismiss. In its order, the district court dismissed the individual Appellants' malicious prosecution and fabrication of evidence claims with prejudice for failure to state a claim because they were not parties to the state enforcement action. The district court also dismissed with prejudice all of the Appellants' Fourteenth Amendment claims.

On the Fourth Amendment claims, the district court said Advantageous had alleged that the State had seized its property by (1) terminating and refusing to renew its Medicaid contract, and (2) withholding Medicaid reimbursements. The court held Advantageous (1) did not have a protected property interest in its Medicaid contract but

6

(2) had sufficiently alleged that the withholding of Medicaid reimbursements was a Fourth Amendment seizure. It therefore declined to dismiss Advantageous's Fourth Amendment claims for malicious prosecution and fabrication of evidence.[2]

### 3. Motion for Summary Judgment Order

The Appellees moved for summary judgment on Advantageous's remaining Fourth Amendment claims. The district court granted the motion. It held no clearly established law showed that the State's withholding of Medicaid reimbursements from Advantageous was a Fourth Amendment property seizure. Appellees were therefore entitled to qualified immunity on Advantageous's Fourth Amendment claims.

The district court also rejected Advantageous's request under Federal Rule of Civil Procedure 56(d) to conduct additional discovery to oppose summary judgment.

\* \* \* \*

The district court, having disposed of all claims, entered final judgment. The Appellants timely appealed.

## II. DISCUSSION

On appeal, the Appellants argue the district court erred by (A) dismissing the individual Appellants' Fourth Amendment claims; (B) granting summary judgment against Advantageous's Fourth Amendment claims; and (C) denying Advantageous's

---

[2] The district court said these claims "merged" into a single claim because they were "indistinguishable." App., Vol. I at 106-07.

request to conduct additional discovery pursuant to Federal Rule of Civil Procedure

56(d).[3]  The following discussion concludes that:

A. The individual Appellants did not state Fourth Amendment malicious prosecution and fabrication of evidence claims because they were not parties to the state enforcement action.

B. Advantageous's challenge to the summary judgment ruling fails because it has not shown the State's withholding of Medicaid reimbursements was a Fourth Amendment seizure under clearly established law.

C. The district court's denial of the Rule 56(d) motion should be upheld because further discovery would have been futile.

## A. *Individual Appellants' Fourth Amendment Claims*

The district court dismissed the individual Appellants' Fourth Amendment

malicious prosecution and fabrication of evidence claims with prejudice.  It held the

individual Appellants had failed to state a claim because they were not parties to the state

enforcement action against Advantageous.  We affirm.

"We review de novo a district court's Rule 12(b)(6) dismissal of a complaint for

failure to state a claim."  *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019).  To

---

[3] The Appellants either do not appeal or do not present adequate briefing on the district court's dismissal of their Fourteenth Amendment claims.  Aplt. Br. at 16, 32, 35 (making three "points" on appeal); *id.* at 16 (summary of argument).  Fourteenth Amendment references appear on pages 38 to 46 of their opening brief.  But the Appellants neither explain why the district court erred nor develop an argument why we should reverse.  If the Appellants intended to appeal the dismissal of their Fourteenth Amendment claims, they waived the issue by inadequately briefing it.  *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2014) ("[A]n appellant may waive an issue by inadequately briefing it.").

We note that almost the entire Argument section of the Appellants' opening brief is copy-pasted—with minor changes—from their district court briefs.  *Compare* Aplt. Br. at 20-46, *with* App., Vol. I at 51-55, 61-64, 68-70, 196-97, 200-08.

survive a motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a malicious prosecution claim, plaintiffs must show they were prosecuted. *See Mglej v. Gardner*, 974 F.3d 1151, 1170 (10th Cir. 2020). Likewise, to state a fabrication of evidence claim, plaintiffs must show that fabricated evidence was used against them in a proceeding. *See Warnick v. Cooley*, 859 F.3d 746, 753 (10th Cir. 2018); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) ("the most analogous common-law tort" to fabrication of evidence is malicious prosecution).

The individual Appellants were not parties to the state enforcement action. They therefore did not state malicious prosecution or fabrication of evidence claims. The individual Appellants provide no valid argument to the contrary. Aplt. Br. at 35-46. We affirm the district court's dismissal of these claims.

B.    ***Advantageous's Fourth Amendment Claims***

The district court granted summary judgment against Advantageous's Fourth Amendment claims on numerous grounds, including the Appellees' qualified immunity. We affirm because Advantageous fails to contest on appeal the district court's determination that no clearly established law showed there was a Fourth Amendment seizure.

When a defendant in a § 1983 action moves for summary judgment based on qualified immunity, the plaintiff must show (1) the defendant violated a federal constitutional or statutory right, which (2) was clearly established at the time of the defendant's conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Est. of Booker*

9

*v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). We have discretion to address the second element first and decline to address the first. *See Pearson*, 555 U.S. at 236-37.

In its summary judgment order, the district court held that the Appellees were entitled to qualified immunity because no clearly established law showed that the State's alleged withholding of Medicaid reimbursements from Advantageous was a property seizure under the Fourth Amendment. App., Vol. II at 372-74. The Appellants fail to dispute this holding in their opening brief and therefore waived the issue. *See Burke v. Regalado*, 935 F.3d 960, 1018 n.44 (10th Cir. 2019). We affirm the district court's grant of summary judgment against Advantageous's Fourth Amendment claims.[4]

### C.      *Advantageous's Rule 56(d) Request*

The district court denied Advantageous's request under Federal Rule of Civil Procedure 56(d) for further discovery to oppose summary judgment. We review that decision for an abuse of discretion. *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). The district court mistakenly thought Advantageous had failed to submit a Rule 56(d) affidavit. Although the court erred by not considering Advantageous's Rule 56(d)

---

[4] We could also affirm on four other grounds. First, no clearly established law recognizes a Fourth Amendment malicious prosecution or fabrication of evidence claim based on a property seizure, as opposed to the seizure of a person. *See Mglej*, 974 F.3d at 1170 (for a malicious prosecution claim "a plaintiff must show . . . the defendant caused the plaintiff's continued confinement or prosecution" (quotations omitted)). Second, no clearly established law recognizes a malicious prosecution or fabrication of evidence claim relating to a civil enforcement action. Third, no evidence showed the state enforcement action was initiated and continued without probable cause. Fourth, no evidence showed a relationship between the State's withholding of Medicaid reimbursements and the state enforcement action. *See* App., Vol. II at 371-72.

10

affidavit,[5] it did not abuse its discretion in denying Advantageous's Rule 56(d) request because additional discovery would have been futile. No amount of discovery would have overcome the lack of clearly established law on Advantageous's seizure claims. We therefore affirm the district court's denial of Advantageous's Rule 56(d) request.

### III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

[5] The district court probably overlooked Advantageous's Rule 56(d) affidavit because Advantageous first invoked Rule 56(d) in its April 2019 opposition to the Appellees' summary judgment motion, and later filed its Rule 56(d) affidavit in a June 2019 docket entry—long after briefing had concluded on the summary judgment motion.